UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARMARI LEE | CIVIL ACTION |
| VERSUS | NO. 24-490 |
| EQUIFAX INFORMATION SERVICES | SECTION L(3) |

## ORDER & REASONS

Before the Court is Defendant Equifax Information Services' motion to dismiss for lack of jurisdiction and failure to state a claim. R. Doc. 13. Plaintiff Charmari Lee, acting *pro se*, opposes the motion. R. Doc. 15. Defendant replied. R. Doc. 16. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

### I.  BACKGROUND

Plaintiff alleges that Defendant, a consumer credit reporting agency, violated the Fair Credit Reporting Act ("FCRA") by incorrectly reporting and disclosing her private information. R. Doc. 1 at 4. The complaint lists as plaintiff "Charmari Lee, real party in interest on behalf of Charmari Lee, infant/minor estate." Plaintiff states that "the estate, Charmari Lee, documented on my Social Security Card and Birth Certificate, secures value for personal property ONLY and this information shall never be made public (i.e. reporting) unless it is explicitly provided for by the estate's Real Party in Interest, in this case it is I, the private woman, Charmari Lee." *Id.*

Plaintiff references and attaches to the complaint a demand letter, which she alleges she sent to Defendant, describing her claims. R. Doc. 1-1 at 1. First, she alleges that Defendant failed to remove accounts impacted by identity theft from her credit report in violation of 15 U.S.C. 1681c-2. *Id.* She maintains that she properly notified Defendant of the identity theft and submitted the required information, including an identity theft report, but that Defendant took no action to block the information from her report. *Id.* Plaintiff lists the accounts which she maintains were affected by

identify theft and must be removed from her report. *Id.* at 2. She also attaches a copy of the identity theft report which she claims she submitted to Defendant. *Id.* at 11. She requests damages of $1,000 per account pursuant to 15 U.S.C. 1681n. *Id.*

Next, Plaintiff claims that she "was not notified when a consumer report was being generated on [her] behalf or when an investigative report was generated" in violation of 15 U.S.C. 1681d. *Id.* She argues that Defendant wrongfully engaged in "unauthorized disclosure of [her] personal information." *Id.* Finally, Plaintiff argues that Defendant should "remove all hard inquiries as they go against permissible purpose per 15 U.S. Code. 1681b(2)." *Id.* She writes, "my objective is to protect my right to privacy." *Id.*

## II. PRESENT MOTION

Defendant moves to dismiss Plaintiff's claims on two bases: lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 13. As to jurisdiction, Defendant notes that the complaint lists as plaintiff "Charmari Lee, Infant / Minor Estate." *Id.* at 4. However, Defendant contends that the complaint seems to be drafted by an adult named Charmari Lee. *Id.* A copy of Ms. Lee's driver's license, which is attached to the complaint, shows that she is twenty-seven years old. *Id.* (citing R. Doc 1-1 at 13). Defendant contends that Plaintiff does not coherently explain the connection between herself and the alleged "minor estate." *Id.* Accordingly, Defendant argues that this "estate" appears to be a non-existent entity without standing to sue. *Id.*

Next, Defendant contends that Plaintiff fails to state a claim upon which relief can be granted. First, as to Plaintiff's claim that Defendant failed to properly remove information resulting from identity theft from Plaintiff's report, Defendant contends that it had no obligation to remove the information. Defendant notes that 15 U.S.C. § 1681c-2 only requires a credit agency to remove information allegedly resulting from identity theft upon receipt of an "identity theft report" from the

2

consumer. Moreover, Defendant argues that the report Plaintiff purports to have sent to Defendant "does not meet the test for a valid identity theft report." *Id.* at 6. Defendant contends that the Consumer Financial Protection Bureau ("CFPB") has promulgated regulations which define an "identity theft report" as a report that "alleges identity theft with as much specificity as the consumer can provide." *Id.* (citing 12 C.F.R. part 1022.3(i)(1)). The regulations go on to include "[e]xamples of the specificity referenced" for "illustrative purposes." *Id.* (citing 12 C.F.R. part 1022.3(i)(2)). Such examples include listing "specific dates relating to the identity theft" or the "[n]ame(s) of information furnisher(s), account numbers, or other relevant account information related to the identity theft." *Id.* Defendant argues that the report Plaintiff attaches to her complaint lacks this information and is therefore not a valid "identity theft report." *Id.* Accordingly, Defendant avers that Plaintiff cannot show that it violated 15 U.S.C. § 1681c-2.

Second, as to Plaintiff's claim that Defendant disclosed her private information without her consent, Defendant contends that the FCRA actually allows credit reporting agencies to disclose information without the consumer's consent. Although § 1681b(a)(2) states that a consumer reporting agency may furnish a report "[i]n accordance with the written instructions of the consumer," § 1681b(a)(3) lists seven other "permissible purposes" for which the agency can furnish a consumer's report to a third party, such as employment, credit transactions, insurance underwriting, and some business transactions. Accordingly, Defendant contends that furnishing a credit report without the consumer's permission is not in itself a violation of the FCRA. *Id.*

Finally, Defendant argues that Plaintiff fails to state any other claims. *Id.* at 9. Although Plaintiff references 15 U.S.C. §§ 1681n and 1681o, Defendant maintains that these are merely "jurisdictional" provisions of the FCRA and "do not confer a standalone cause of action." *Id.* Plaintiff also cites 31 CFR 363.6, which Defendant argues "consists of a definitional section in regulations regarding U.S. Treasury securities and appears totally inapplicable." *Id.*

Plaintiff opposes the motion. R. Doc. 15. She largely re-argues her allegations in the complaint: that Defendant failed to "uphold Plaintiff's right to privacy and accurate reporting." *Id.* at 1. Plaintiff cites *Ybarra v. Experian Information Solutions, Inc.* and argues that Defendant should have investigated her report of identity theft. No. 19-cv-2644, 2020 WL 6798826 (D. Kans. Nov. 19, 2020). She also re-urges her claim for damages. *Id.* Defendant replied, contending that Plaintiff's opposition does not address its arguments for dismissal. R. Doc. 16.

**III. LAW & ANALYSIS**

Here, Plaintiff is proceeding *pro se.* Courts have a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney." *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014). Further, "a *pro se* plaintiff ordinarily should be given 'every opportunity' to state a possible claim for relief." *Muthukumar v. Univ. of Tex. at Dallas*, No. 10-115, 2010 WL 5287530, at *2 (N.D. Tex. Dec. 27, 2010) (quoting *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1998)). "Thus, before a court dismisses a complaint under Rule 12(b)(6) for failure to state a claim, a *pro se* plaintiff should be given an opportunity to amend." *Id.* However, courts "still require *pro se* parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). "Pro se litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief." *Id.* Here, Defendant seeks to dismiss Plaintiff's claims for lack of jurisdiction and failure to state a claim. The Court takes these issues in turn.

**A. Lack of Jurisdiction**

The Court agrees with Defendant that it is unclear what Plaintiff means by "Charmari Lee, real party in interest on behalf of Charmari Lee, infant/minor estate." Plaintiff does not explain who the "infant" is or how the infant is related to the drafter, who seems to be an adult woman named "Charmari Lee." However, the Court will not dismiss the case on this basis. Rather, the Court will

give Plaintiff an opportunity to amend the complaint to clarify whether she is bringing her own claim or a claim on behalf of a child. *See Muthukumar*, 2010 WL 5287530, at *2. If Plaintiff is bringing the claim on behalf of a child, she must explain her relationship to the child and how such child is involved in the instant dispute about credit reporting. If Plaintiff does not resolve this issue in an amended complaint, the Court will be forced to dismiss the entire action for lack of jurisdiction.

### B. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in the light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007). In considering a motion to dismiss for failure to state a claim, a court must typically limit itself to the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### i. Section 1681c-2 Claim

Defendant argues that Plaintiff's purported identity theft report does not include the specific information required by CFPB regulations. Accordingly, Defendant contends that it

could not have possibly violated § 1681c-2 because it never received a valid "identity theft report," which would have triggered a duty to block information from Plaintiff's credit report.

The Court disagrees. Courts have dismissed § 1681c-2 claims where the plaintiff entirely fails to allege that they sent the defendant an identity theft report. *See Hicks v. Smith*, No. 17-251, 2018 WL 11446636, at \*7 (W.D. Ky. July 23, 2018) ("[Plaintiff] does not allege that he delivered to Equifax a copy of an identity theft report . . . . [t]he Court will therefore dismiss [Plaintiff's] § 1681c-2 claim."); *McKinney v. Trans Union, LLC*, No. 09-11947, 2010 WL 374103, at \*3 (E.D. Mich. Jan. 25, 2010) ("[Plaintiff] has never alleged identity theft in any court documents or to Equifax and because she never reported or alleged identity theft, she has not stated a claim under FCRA."). Here, however, Plaintiff alleges that she sent Defendant an identity theft report and attaches the report to her complaint. *See* R. Doc. 1-1 at 3 ("According to § 1681c-2, I have submitted all four elements which shall have resulted in the removal of the identified accounts."). R. Doc. 1-1 at 11-12 (alleged report).

Moreover, Defendant's argument that Plaintiff's report is not valid is unavailing at the motion to dismiss stage. Plaintiff's report is labeled "Federal Trade Commission Identity Theft Report" and states that "[t]he accounts that I have identified in my dispute are not transactions that are made by me the consumer." At this stage, the Court "must liberally construe the complaint in the light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Baker*, 75 F.3d at 196. Applying this standard, Defendant's arguments fail for two reasons.

First, determining whether this report in fact "allege[d] identity theft with as much specificity as the consumer can provide," as is required by federal regulation, is simply beyond the scope of a motion to dismiss. *Id.* (citing 12 C.F.R. part 1022.3(i)(1)). Drawing inferences in favor of Plaintiff, the Court necessarily concludes that Plaintiff's report was as specific as she

could make it. Second, the Court is not persuaded that the report is insufficiently specific as a matter of law. Defendant argues that Plaintiff's report does not include any information listed in the CFPB regulation's "[e]xamples of the specificity referenced" such as the "[n]ame(s) of information furnisher(s), account numbers, or other relevant account information." 12 C.F.R. part 1022.3(i)(2)). Leaving aside the fact that this regulation merely lists *examples* of specificity—not actual requirements—Plaintiff's report does state that the accounts "identified in her dispute" are those affected. Construing the claim in the light most favorable to Plaintiff, she may be identifying the affected accounts by reference to a previously transmitted document. Accordingly, at this stage, the Court finds that Plaintiff has stated a plausible claim for a violation of § 1681c-2. Defendant may re-urge its argument that Plaintiff's report was inadequate at the summary judgment stage.

### ii.    Claim Under § 1681b(a)(2)

Plaintiff next claims that Defendant violated § 1681b(a)(2) because it disclosed her information "without [her] consent, violating permissible purpose." However, the FCRA allows credit reporting agencies to furnish consumer reports to third parties without the consumer's consent in a broad array of circumstances, which are listed in § 1681b(a)(3). *See Mathews v. Verizon Comm'ns Inc.*, No. CV 19-21442, 2020 WL 5201407, at *8 (D.N.J. Sept. 1, 2020) ("The statute is written in the disjunctive and does not require written authorization under all circumstances, rather, written authorization is one permissible circumstance for accessing an individual's credit report.").

Where a plaintiff merely alleges that the defendant wrongfully furnished his report to third parties without his consent, the plaintiff fails to state a claim. For example, in *Gary v. Experian Information Solutions, Inc.*, the Court held that the plaintiff's claim was "subject to dismissal" where he alleged that the defendant furnished his report to others without his consent.

No. 1:22-CV-1813-SCJ-JSA, 2023 WL 2175751, at *5 (N.D. Ga. Jan. 9, 2023), *report and recommendation adopted*, No. 122CV01813, 2023 WL 2175753 (N.D. Ga. Feb. 3, 2023). However, because the plaintiff also alleged that the defendant furnished the report with "no permissible purpose," the Court found that Plaintiff "may have intended to claim that Experian violated § 1681b(a) more broadly—as opposed to just § 1681b(a)(2)." Accordingly, the Court granted leave to amend.

Here, the Court agrees with the reasoning and approach of *Gary*. Plaintiff's assertion that Defendant furnished her report without her consent fails to state a claim because consent is not required where Defendant is furnishing a report for one of the permissible purposes identified in the statute. However, as in *Gary*, Plaintiff makes a conclusory allegation that Defendant furnished her report without a "permissible purpose." Accordingly, the Court will allow Plaintiff leave to amend her complaint to state a valid claim. Plaintiff must, at least, identify the third parties to whom she contends Defendant wrongfully furnished her report and explain why she believes that the report was not furnished for any of the permissible purposes identified in § 1681b(a)(3). Should Plaintiff fail to allege these facts, Defendant may re-urge its motion to dismiss this claim.

### iii.    Other Claims

As Defendant notes, 15 U.S.C. §§ 1681n and 1681o merely establish liability for negligent or willful non-compliance with the FCRA. Accordingly, the Court agrees that these provisions do not create independent causes of action. The Court also agrees with Defendant that 31 CFR § 363.6 is a list of definitions in the securities context and does not seem to apply to this dispute at all.

Although Defendant does not address the issue, Plaintiff also states: "I was not notified when a consumer report was being generated on my behalf or when an investigative report was

8

being generated, which I believe is a violation of 15 U.S. Code 1681d." R. Doc. 1-1 at 2. Even though Plaintiff does not list § 1681d in her list of applicable sections earlier in the complaint, the Court finds that Plaintiff is also attempting to bring a § 1681d claim. However, § 1681d does not apply to "consumer reports." It only applies to "*investigative* consumer reports," which contain "information on a consumer's character, general reputation, personal characteristics, or mode of living [that] is obtained through personal interviews with neighbors, friends, or associates of the consumer." 15 U.S.C. § 1681a(e). To bring a § 1681d claim that could survive a motion to dismiss, Plaintiff must amend her complaint to include more factual matter than a single conclusory allegation that she was "not notified when . . . an investigative report was being generated."

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to dismiss is **DENIED** without prejudice. Plaintiff may file an amended complaint to (1) as to her entire suit, address the unexplained reference to an "infant/minor estate;" (2) as to her § 1681b(a) claim, identify the third parties to whom Defendant furnished her report and explain why the reports were not furnished for a "permissible purpose;" and (3) as to her § 1681(d) claim, identify the "investigative consumer report" at issue and provide a factual basis for the claim. Should Plaintiff fail to sufficiently address these issues, Defendant may re-urge its motion to dismiss.

New Orleans, Louisiana the 24th day of October, 2024.

Eldon E. Fallon
U.S. District Court Judge